IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| GENE IRVING GARLAND | § | |
| VS. | § | CIVIL ACTION NO. 5:08-CV-155 |
| WARDEN KEITH ROY | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gene Irving Garland, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends granting the petition to the extent that petitioner's convictions under Counts 64-115 of the indictment should be vacated. The magistrate judge also recommends remanding the case to the United States District Court for the Northern District of Texas for resentencing.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The parties filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The government relies on *United States v. Thuan Huy Ha*, 390 Fed.Appx. 649 (9th Cir. 2010), and *United States v. Bush*, 626 F.3d 527 (9th Cir. 2010), for the proposition that a merger problem does not exist if the money laundering convictions involve transactions that are distinct from the underlying mail fraud convictions. The cases do not support the government's argument because the money laundering convictions in those cases concerned payments that the pyramid scheme operators made to themselves. In this case, the payments were made to investors to perpetuate the fraudulent conduct.

Petitioner argues that the case should not be remanded for resentencing. This argument lacks merit. When a defendant successfully challenges one or more of several interdependent convictions, he opens the door for the sentencing court to revisit the entire sentence and resentence him on the unchallenged convictions. *United States v. Benbrook*, 119 F.3d 338, 340 (5th Cir. 1997).

## **ORDER**

Accordingly, the objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 15th day of September, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE